**Don EASTER and Shirley Easter, and the marital community composed thereof; and Debra Ogunleye, on their own behalf and on behalf of all others similarly situated, Plaintiffs,**

v.

**AMERICAN WEST FINANCIAL, a Nevada corporation, et al., Defendants.**

No. C01–1004R.

United States District Court, W.D. Washington, at Seattle.

May 3, 2002.

---

Michael Duane Daudt, Beth E. Terell, Tousley Brain, Christopher Ian Brain, Tousley Brain Stephens PLLC, Seattle, WA, Eric G. Calhoun, Lawson & Fields, Dallas, TX, Daniel O. Myers, Fred Thompson, A Hoyt Rowell, III, Kevin L. Oufnac, Ness Motley Loadholt Richardson & Poole, Mt. Pleasant, SC, for plaintiffs.

Kevin Arnold Bay, Ryan, Swanson & Cleveland, Seattle, WA, Michael J. Mills, Antoinette P Hewitt, Kutak Rock, Omaha, NE, Douglas L. Davies, Dorsey & Whitney LLP, Seattle, WA, Richard M Clinton, Curt Roy Hineline, Paul E. Ridley, Elizabeth S. Welsh, Kirkpatrick & Lockhart, Dallas, TX, Todd L. McLawhorn, Sheldon T. Zenner, Katten, Muchin & Zavis, Chicago, IL, for defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO ABSTAIN OR STAY

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on defendant FirstPlus Bank's motion in which it argues that this court should abstain and stay all of plaintiffs' claims against it, pending the outcome of its California liquidation proceeding.[1] The Hill plaintiffs, who filed a class action against FirstPlus, disagree and argue that this case is inappropriate for abstention both because they seek damages, as opposed to equitable relief, and because this case does not present the extraordinary circumstances necessary to invoke the abstention doctrine.

Having reviewed the documents filed in support and in opposition to this motion, along with the relevant portions of the record, and being fully advised, the court finds and rules as follows:

### I.  BACKGROUND

FirstPlus Bank is a California industrial bank, licensed and regulated by the California Department of Financial Institutions. In early 2000, FirstPlus filed for

---

1. This motion relates to *Hill et al. v. FirstPlus Bank et al,* C01–1892P, only. There are several class action suits in this district, such as *Easter v. American West Financial et al.,* that allege similar state law violations with respect to loans originated by other lenders. These cases have no relationship to FirstPlus and are, accordingly, not affected by this court's order.

voluntary liquidation, sold its branches, and transferred all of its deposits to other federally-insured institutions.

On October 30, 2001, FirstPlus filed a "Verified Petition for Judicial Supervision of Voluntary Dissolution and Liquidation" in Superior Court in Orange County, California. On the same day, the California court issued a restraining order, enjoining creditors and shareholders of FirstPlus from "commenc[ing] or continu[ing] . . . any judicial . . . proceeding against First-Plus Bank." Stern Decl., Ex. D.

The California Superior Court appointed James L. Smith, a retired Superior Court judge, as Referee to make findings and recommendations regarding the establishment of an orderly claims procedure. The California Department of Financial Institutions concurred that a court-supervised liquidation and dissolution undertaken pursuant to the California Corporations Code Section 1904 would "best serve the interests of justice by proceeding in an orderly manner to have all potential claims on the Bank's assets considered and provide an impartial forum in which claimants may state and prove their claims." Stern Decl., Ex. A, ¶ 7.

Three weeks after the Superior Court's order enjoining suits against FirstPlus, plaintiffs filed this action against, among others, FirstPlus Bank, alleging violations of various Washington statutes and the federal Truth–in–Lending Act.[2]

2. In the spring of 2000, a class action was filed in Missouri state court against FirstPlus, and since that time, two other class actions, in addition to the *Hill* action, have been filed, one in Illinois and another in Virginia.

3. By letter dated April 23, 2002, counsel for FirstPlus notified the court that the California Superior Court had adopted the Referee's Report and Recommendation.

## II.  DISCUSSION

### A.  Motion to Abstain

#### 1.  The Referee's Report

█ As an initial matter, the court notes that the court-appointed Referee, in proposing the consolidated claims procedure, stated that the "various actions that are currently pending, including but not limited to the . . . Hill action[ ], . . . interfere with and hinder th[e] [California] Court's ability to oversee an orderly liquidation of the FirstPlus Bank estate." Stern Decl., Ex. A, ¶ 17. Accordingly, this Report, which was subsequently adopted by the Orange County Superior Court,[3] specifically requested that this court abstain:

> [Because] the California Corporations Code sets forth an exclusive procedure for the presentation of claims against the assets of FirstPlus Bank, the Banks' assets are being wasted by having to defend litigation in multiple states, and the claims process set forth in the Corporations Code and herein is a fair and efficient means to resolve all claims against FirstPlus Bank . . . [The] Court hereby express[es] its desire that the Courts in the various states in which actions are currently pending against FirstPlus Bank, including but not limited to the Adkison, Dunden, Cheek and *Hill* actions and the various Indirect Actions, stay or abstain from allowing those actions to proceed against First-Plus Bank while the claims procedure is completed.

Stern Decl., Ex. A, pp. 13–14, ¶ 9.[4]  *Id.,*

4. The Referee specifically noted three ways in which the "various actions" interfered with the California court's ability to oversee an orderly liquidation:

> a.  The continued prosecution of these actions risks the creation of a preference and/or a race to the courthouse, whereby one class or group of creditors or claimants may receive an improper preference over another, a result that is

¶ 17. That the California Court has requested that this court abstain is, of course, not alone sufficient reason to do so. However, after considering the balance of interests, and giving due regard for the presumption in favor of exercising federal jurisdiction, the court concludes, as set forth below, that for many of the reasons articulated in the Referee's Report, abstention is appropriate under these circumstances.

### 2. *Burford and Colorado River Abstention*

■■ Abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). A federal court may, however, abstain from exercising jurisdiction over a case when federal adjudication would disrupt a state's efforts to establish a coherent administrative policy with respect to a matter of substantial public concern. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 318, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). A federal court may also abstain when there are concurrent state and federal suits, and abstention would promote sound judicial administration, including the conservation of judicial resources and avoidance of piecemeal litigation. *See Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

In a similar case, the Eighth Circuit affirmed a district court's order staying a civil action brought under ERISA versus an insurance company that was the subject of an insolvency proceeding in a New Jersey state court. *Wolfson v. Mutual Benefit Life Ins. Co.*, 51 F.3d 141 (8th Cir.1995). In *Wolfson*, the beneficiary under a life insurance policy sued in Nebraska state court seeking to recover ERISA plan benefits after the insurer denied the claim. After the insurer removed the case to federal court, the district court stayed the action pending further order by the New Jersey court. The Eighth Circuit affirmed, holding that the *Burford/Colorado River* line of cases militated in favor of abstention.

■■ The *Wolfson* court considered the *Burford* and *Colorado River* factors together. While these two cases, and the abstention doctrines derived from them, are analytically distinct, at least in theory, the lines between the two cases have been blurred. Because this court finds *Wolfson* both well-reasoned and analogous to the instant case, the court adopts the *Wolfson* court's factors as guides to determining the propriety of abstention. The court will consider (1) which court has jurisdiction over the property; (2) whether the state's interest in an orderly liquidation would be compromised by this court's exercising jurisdiction; (3) the effect, if any, of plaintiffs' having asserted a federal claim; (4) the relative progress of the federal action; and (5) whether abstention is appropriate where, as here, plaintiffs seek damages, rather than equitable relief.

### a. *Jurisdiction Over Assets*

The California liquidation court has jurisdiction over the *res*, namely FirstPlus's

---

contrary to the goal of treating all creditors and claimants alike.

b. The expenses incurred by the estate having to defend an increasingly large number of actions in multiple out-of-state venues is causing irreparable depletion and waste of the estate's assets.

c. The maintenance of these actions presents a continuing potential for conflicting rulings in multiple jurisdictions, both as to procedural and substantive issues, and also presents the potential for the entry of rulings that may later turn out to be void.

Stern, Decl., Ex. A, ¶ 17.

limited pool of assets. Allowing this federal court action to proceed against the assets administered under the exclusive control and direction of the Orange County Superior Court "would compromise the state court's administration of the corpus." *Wolfson,* 51 F.3d at 146 (citation omitted); *cf. 40235 Washington Street Corp. v. Lusardi,* 976 F.2d 587, 589 (9th Cir.1992) ("[T]he first prong of the *Colorado River* Abstention test is 'dispositive.' In proceedings *in rem* or *quasi in rem,* the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed."). The state court has an obligation to protect and preserve FirstPlus's assets for ultimate distribution, an obligation that would be undermined by allowing plaintiffs to circumvent the claims procedure, thereby requiring FirstPlus to expend its limited resources to defend numerous out-of-state actions.[5]

### b. *California's Interests*

California has a strong interest in First-Plus's orderly liquidation. California, and every other state, has enacted a process for the orderly liquidation of corporations and state-chartered banks. *See, e.g.,* Cal. Corp.Code §§ 1806, 1904; Cal.Fin.Code § 3150. As the Fourth Circuit aptly stated in the context of a depositors' suit against the directors of a failed savings and loan:

We think this case presents a classic situation for *Burford* abstention. Maryland's legislature has set up a comprehensive scheme for the rehabilitation and liquidation of insolvent state-chartered savings and loan associations. The expeditious rehabilitation of the state's savings and loan industry is obviously a matter of substantial state concern. The liquidation process in particular is one which would be greatly impeded by the involvement of more than one decision-making authority.

*Brandenburg v. Seidel,* 859 F.2d 1179, 1191 (4th Cir.1988). Similarly, the California Superior Court has determined that, in this liquidation proceeding undertaken pursuant to California Corporations Code Section 1904, an orderly claims procedure best protects the interests and provides for fair treatment of all creditors.[6]

### c. *Presence of Federal Claim*

The fact that the Hill plaintiffs have alleged a federal statutory claim is not a sufficient reason to proceed with this federal suit. As the *Wolfson* court stated in the context of an ERISA claim, "there is no reason to fear that the state court ... proceeding is ill-suited to resolving" the plaintiffs' federal claims. Indeed, California courts routinely hear and decide cases under the federal Truth–in–Lending Act, 15 U.S.C. § 1601.[7] *See, e.g., Bank of the*

---

**5.** Under any scenario, plaintiffs cannot avoid the liquidation proceeding altogether. Even were plaintiffs permitted to proceed with this action, they would necessarily go to California to collect any judgment they might obtain against FirstPlus. The *Wolfson* court recognized that, since the creditor "must still look to the state proceeding for satisfaction of the judgment," "a decision not to abstain would squander judicial resources." 51 F.3d at 146. Similarly, judicial resources would be preserved if this court abstained, and plaintiffs pursued their claims in the liquidation court.

**6.** The court recognizes that plaintiffs take issue with the claims procedure adopted by the

California Superior Court. That plaintiffs are dissatisfied with that procedure is not, however, a reason to permit this federal action to proceed, especially since plaintiffs elected not to participate in the hearing at which the claims procedure was established.

**7.** Plaintiffs also urge the court to keep this federal action because their claims involve, at least in part, Washington law. As FirstPlus points out, however, it is likely that plaintiffs' challenge to FirstPlus' loan practices will involve interpretation of California, not Washington, law.

*West v.Super. Ct. of Contra Costa County,* 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992).

### d. *Progress of State vs. Federal Action*

This action was filed, as plaintiffs admit, three weeks after the Superior Court issued its October 30, 2001 order restraining the filing of other lawsuits in this matter. Recognizing, however, that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the court notes that this action is still in its initial stages, as, according to FirstPlus, no discovery has even taken place. Thus, this situation is not one in which "dismissal would itself constitute a waste of judicial resources and an invitation to duplicative effort." *Arizona v. San Carlos Apache Tribe of Ariz.,* 463 U.S. 545, 569, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983).

### e. *Relief Sought*

Finally, the fact that plaintiffs' claims involve money damages, rather than equitable relief, does not preclude this court's abstaining. Plaintiffs disagree and argue that abstention is inappropriate because they seek damages rather than injunctive relief. The court finds this argument to be meritless. While the origins of the abstention doctrines may lie in the limitations of federal equity jurisdiction, it is now well-established that they apply to actions at law as well. *See Brandenburg v. Seidel,* 859 F.2d 1179, 1193 (4th Cir.1988). Moreover, the Supreme Court, in *Quackenbush*

*v. Allstate,* 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), the case on which plaintiffs rely for this argument, specifically stated that abstention is not limited to "equitable cases" but extends to all cases in which a federal court is asked to provide discretionary relief, and to damage actions as well. *Id.* at 730–31, 116 S.Ct. 1712. The *Quackenbush* Court also held, using language that plaintiffs have cited incorrectly, that a court may only *stay,* and not *dismiss,* the federal action if it is one seeking damages only and not equitable relief. *Id.* Since FirstPlus has asked this court to stay, not dismiss, this action, this court's decision to abstain is not at odds with *Quackenbush.*

### 3. *Younger Abstention*

■ In its reply brief, FirstPlus also argues that the "Younger" abstention doctrine, first articulated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), requires that this court abstain.[8] *Younger* abstention is appropriate when (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Woodfeathers, Inc. v. Washington County, Or.,* 180 F.3d 1017, 1020 (9th Cir.1999).

The court has concluded, *supra,* that abstention is appropriate under *Burford* and *Colorado River* but will briefly comment that *Younger* abstention also appears to weigh in favor of abstention. First, it is uncontested that the liquidation proceedings were initiated before the Hill plaintiffs filed their lawsuit in this court. "*Younger* abstention requires that the fed-

---

**8.** Plaintiffs contend that *Younger* applies only to criminal proceedings. While *Younger* was initially applied only to criminal proceedings, it is now well-established that the doctrine applies in the civil context as well. *See Leb-*

*bos v. Judges of Super. Ct. Santa Clara County,* 883 F.2d 810, 814 (9th Cir.1989) ("The policies underlying *Younger* are fully applicable to noncriminal proceedings when important state interests are at stake.").

eral courts abstain when state court proceedings were ongoing at the time the federal action was filed." *Beltran v. California,* 871 F.2d 777, 782 (9th Cir.1988); *see also Kitchens v. Bowen,* 825 F.2d 1337, 1341 (9th Cir.1987) ("The critical question is . . . whether the state proceedings were underway before the initiation of the federal proceedings.") (internal quotations omitted).

Second, as discussed, *supra,* "important state interests" are implicated here, inasmuch as California has an interest in an orderly liquidation, which interest would be undermined by the adjudication of this parallel federal lawsuit. Allowing a federal action to proceed in the face of a California court-imposed receivership "would violate the principles of federalism, equity, and comity that *Younger* and related cases seek to preserve." *Worldwide Church of God, Inc. v. California,* 623 F.2d 613, 615 (9th cir.1980).

Finally, plaintiffs will, in the court's view, have an adequate opportunity to raise their claims in California Superior Court. *Cf. Woodfeathers,* 180 F.3d at 1020 ("State courts are presumed adequate to raise federal questions in the absence of unambiguous authority to the contrary."). Taken together, these *Younger* factors convincingly support the court's conclusion that abstention is appropriate.

B. *Related Defendants*

FirstPlus's motion to abstain or stay is conditionally joined by defendants FirstPlus Home Loan Owner Trusts 1996–2, 1996–3, 1996–4, and 1997–1, and Real Time Resolutions, Inc. (hereinafter referred to as "related defendants"). The related defendants request that the court stay the entire action, and not just the action as against FirstPlus, pending the resolution of the FirstPlus liquidation proceeding. Plaintiffs' claims against these defendants relate to the loans originated by FirstPlus.

Plaintiffs' allege that these loans were subsequently assigned to the related defendants and that, therefore, they are liable to the plaintiffs for the loans. Compl. ¶¶ 431, 441. The related defendants state that, based on plaintiffs' allegations, they may have contribution, indemnity or other claims against FirstPlus. Accordingly, if the claims against FirstPlus must be adjudicated in the California Superior Court, the action against the related defendants must also be pursued in the liquidation proceeding. The court therefore orders that the entire action against FirstPlus, FirstPlus Home Loan Owner Trusts 1996–2, 1996–3, 1996–4, and 1997–1, and Real Time Resolutions, Inc. shall be stayed pending the outcome of the liquidation proceeding.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion to abstain and stay [docket no. 204–1]. This case is hereby STAYED pending the outcome of the California liquidation proceeding.