245 F.Supp.2d 1038 (2002)
In re: AMWEST SURETY INSURANCE COMPANY, in Liquidation, Debtor.
State of Nebraska, ex rel. L. Tim Wagner, Director of Insurance of the State of Nebraska, Plaintiff,
v.
J.A. Jones Construction Company, f/k/a Metric Constructors, Inc., Defendant.
No. 4:02CV3161.
United States District Court, D. Nebraska.
October 11, 2002.
*1040 Trenten P. Bausch, Michael S. Degan, Blackwell, Sanders Law Firm-Nebraska, Omaha, NE, John H. Binning, Jane F. Langan, Robert L. Nefsky, Rembolt, Ludtke Law Firm, Lincoln, NE, Michael D. Fielding, Dopuglas J. Schmidt, Blackwell, Sanders Law Firm-Missouri, Kansas City, MO, for State of Nebraska.
Jay R. Bender, John Whittington, Bradley Arant Law Firm, Birmingham, AL, David S. Houghton, Lieben, Robert W. Mullin, Whitted Law Firm, Omaha, NE, for J.A. Jones Construction.

MEMORANDUM AND ORDER
KOPF, District Judge.
Pursuant to 28 U.S.C. § 636(b)(1)(A) and NELR 72.3, this matter is before the court on Defendant's appeal (filing 22) from the Magistrate Judge's order (filing 21) granting Plaintiffs motion to remand (filing 10) this action to the District Court for Lancaster County, Nebraska. This action was originally filed in the District Court for Lancaster County and was removed to this court pursuant to 28 U.S.C. §§ 1441(a) and 1446.
Defendant's appeal states only that it objects to the Magistrate Judge's conclusions that "the District Court of Lancaster *1041 County has exclusive jurisdiction over this action" and that "this matter is one in which the federal court should abstain from exercising jurisdiction, if any." (Filing 22.) Because the defendant has failed to submit a brief in support of its appeal, its appeal may be deemed abandoned and denied on that basis alone. NELR 72.3(b). Further, the court's review[1]of the portions of the order to which Defendant has objected makes it clear that such objections should be denied because the Magistrate Judge's order remanding this case to the Lancaster County District Court for resolution is not "clearly erroneous or contrary to law" for the reasons thoroughly and clearly explained in the Magistrate Judge's order. 28 U.S.C. § 636(b)(1)(A); NELR 72.3.
Defendant has not argued that the Magistrate Judge's order remanding this case to state court was dispositive and therefore outside his authority, and that the Magistrate Judge should have issued a report and recommendation (which is entitled to a less deferential standard of review by the district judge) instead of an order (which is entitled to the "clearly erroneous" standard of review on appeal). 28 U.S.C. § 636(b)(1); NELR 72.3. However, if such an argument had been made, and if I construed the Magistrate Judge's order of remand as a report and recommendation, I would reach the same conclusion for the reasons stated by the Magistrate Judge. (Filing 21.)
Accordingly, I shall deny the defendant's appeal.
IT IS ORDERED:
1. The Magistrate Judge's order (filing 21) shall not be disturbed and is hereby sustained;
2. The appeal filed by Defendant (filing 22) from the Magistrate Judge's order is denied; and
3. Judgment remanding this ease to the District Court of Lancaster County, Nebraska, shall be entered by separate document.

MEMORANDUM AND ORDER
PIESTER, United States Magistrate Judge.
The above-referenced action was originally filed in the District Court of Lancaster County, Nebraska and was removed to this court pursuant to 28 U.S.C. §§ 1441(a) and 1446. Federal subject matter jurisdiction exists, if at all, on the basis of diversity. 28 U.S.C 1332(a)(1). See filing 1, Notice of Removal,¶¶ 4-8. The plaintiff, L. Tim Wagner, Director of Insurance of the State of Nebraska, in his statutory capacity as the liquidator of Amwest Surety Insurance Company ("Liquidator"), has timely moved for remand. Filing 10. The Liquidator argues that the District Court of Lancaster County has exclusive jurisdiction over this action or, in the alternative, that under the reasoning of Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), the federal court should abstain from exercising jurisdiction.
The operative facts for assessing jurisdiction are set forth in the pleadings, which in this case include the petition filed in the District Court of Lancaster County and the notice of removal. For the purpose of this motion, the facts alleged in those pleadings are presumed to be true.
Sisco, Inc. of Greensboro, North Carolina had agreed to perform construction services for the defendant, J.A. Jones Construction Company, formerly known as *1042 Metric Constructors Inc, ("Metric"), for the building of two North Carolina motels. Amwest Surety Insurance Agency ("Amwest") issued payment and performance bonds to Metric to guarantee Sisco's performance. Filing 1, attached petition ¶¶ 9-10. Sisco defaulted on the contracts and Metro asserted claims on the bonds to recover its damages. On March 6, 2001, Amwest paid Metric $475,000 in settlement of these claims. Id. at ¶13, 14, and 17.
Less than four months later, on June 7, 2001, the Lancaster County District Court ruled that Amwest was insolvent and ordered the company liquidated pursuant to the Nebraska Insurers Supervision, Rehabilitation, and Liquidation Act, Neb. Rev. Stat. §§ 44^801 to-44-4862. Filing 1, attached petition ¶¶3, 6.[1] The Liquidator filed this suit to recover the $475,000 Metric received from Amwest, and claims this payment was an invalid preferential transfer under Neb.Rev.Stal § § 44-4821(u) and 44-4828(l)(b). The Liquidator seeks to recoup this money to assure that Metric does not obtain recovery from Amwest in a percentage greater than that recovered by other creditors of this failed insurance company. Id. at ¶¶ 18-19.
The Nebraska Insurers Supervision, Rehabilitation, and Liquidation Act provides that the director of insurance "may petition the district court of Lancaster County for an order directing him or her to liquidate a domestic insurer ... on the basis... that the insurer is insolvent; or ... is in such condition that the further transaction of business would be hazardous, financially or otherwise, to its insureds or creditors or the public." Neb.Rev.Stat. § 44-4817. An order to liquidate the insurance company shall appoint the director as liquidator and shall direct the liquidator to take possession of the insurers' assets and administer them under the court's general supervision. Neb.Rev.Stat. § 44^818(1). Upon entry of a liquidation order, the liquidator "shall be vested by operation of law with the title to all of the property, contracts, and rights of action and all of the books and records of the insurer ordered liquidated, wherever located ...." Id. In the case of an insolvent insurer, the purpose of the act is to provide "a comprehensive scheme for the supervision, rehabilitation, and liquidation of insurers" that will "protect the interests of insureds, claimants, creditors, and the public" through "[e]nhanced efficiency and economy of liquidation," "clarification of the law," and "minimiz[ing] legal uncertainty and litigation." Neb.Rev.Stat. § 44-4801(3) and (7). The Nebraska legislation emphasizes:
Proceedings in cases of insurer insolvency and delinquency are deemed an integral aspect of the business of insurance and are of vital public interest and concern. The act shall be liberally construed to effect the purposes enumerated in this section and shall not be interpreted to limit the powers granted the director by other provisions of the law.

Neb.Rev.Stat. § 44-4801(7).
"All actions authorized by the act shall be brought in the district court of Lancaster County." Neb.Rev.Stat. § 44-4804. Among the many enumerated powers of the liquidator is the authority to pursue actions to recover preferences, meaning property transferred by the insurer to a creditor to pay an antecedent debt within one year before the filing of a successful petition for liquidation. Id. at § 44-4821(u) and 44^828(l)(a). "The district court of Lancaster County shall have summary jurisdiction" over such claims. Id. at § 44-4828(7).
*1043 This statutory scheme provides the backdrop for the central question presented by the Liquidator's motion for remand. Specifically, does the federal district court have, and should it exercise, subject matter jurisdiction to determine if the defendant is entitled to retain the money it received in March 2001 from Amwest, an insurer being liquidated under the supervision of the Lancaster County district court? I conclude that subject matter jurisdiction for this action lies in the district court of Lancaster County, the forum designated by Nebraska legislation for proceedings to liquidate insolvent insurers, and the jurisdiction which, before this case was remanded to federal court, obtained jurisdiction over all the assets of Amwest. The case must therefore be remanded to that court. I further conclude that, even if this court had subject matter jurisdiction, it should abstain from exercising that jurisdiction in this case.
Prior to the 1944 Supreme Court decision in United States v. South-Eastern Underwriters Assn., 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440 (1944), `"the States enjoyed a virtually exclusive domain over the insurance industry.'" U.S. Dept. of Treasury v. Fabe, 508 U.S. 491, 499, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993)(quoting St. Paul Fire & Marine Ins. Co. v. Barry, 438 U.S. 531, 539, 98 S.Ct. 2923, 57 L.Ed.2d 932 (1978)). However, South-Eastern Underwriters reversed this longstanding jurisprudence and held that interstate insurance business was commerce within the meaning of the Commerce Clause and therefore subject to the provisions of the Sherman Antitrust Act. South-Eastern Underwriters Assn., 322 U.S. at 553, 64 S.Ct. 1162. Congress promptly responded to South-Eastern Underwriters by enacting the McCarran-Ferguson Act, 15 U.S.C. § 1012, which "restored] the supremacy of the States in the realm of insurance regulation." Fabe, 508 U.S. at 500,113 S.Ct. 2202.
Under the McCarran-Ferguson Act, "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance...." 15 U.S.C. § 1012(b). This act reflects the strong federal policy of deferring the regulation of the insurance industry to the states and exempting insurance companies from the federal Bankruptcy Code. Wolfson v. Mutual Ben., Life Ins. Co., 51 F.3d 141, 147 (8th Cir.1995)(limited on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)). The McCarran-Ferguson Act "symbolizefs] the public interest in having the States continue to serve their traditional role as the preeminent regulators of insurance in our federal system and indicates the special status of insurance in the realm of state sovereignty." Munich American Reinsurance Co. v. Crawford, 141 F.3d 585, 595 (5th Cir.1998).
Generally federal law pre-empts conflicting state law. The McCarran-Ferguson Act provides that state law preempts federal law in cases involving state regulation of the insurance industry. Id. at 590. Under the McCarran-Ferguson Act, a federal statute is reverse-preempted by a state statute or law if: (1) the federal statute does not specifically relate to the business of insurance; (2) the state statute was enacted for the purpose of regulating the business of insurance; and (3) enforcing the federal statute would "invalidate, impair or supersede" the state statute. Fabe, 508 U.S. at 501, 113 S.Ct. 2202; Munich, 141 F.3d at 595.
In this case the "conflict" between state and federal statutes focuses on the grant of diversity jurisdiction afforded in 28 U.S.C. § 1332 and Nebraska's statutes which provide that all actions for liquidating an insolvent insurer "shall be brought in the district court of Lancaster County," *1044 Neb.Rev.Stat. § 44-4804, and the "district court of Lancaster County shall have summary jurisdiction" over preferential transfer claims. Id. at § 4828(7). Undoubtedly, the congressional statute granting diversity jurisdiction to the federal courts is not specifically related to the business of insurance, but applies to a broad range of claims.
The Nebraska statute requiring insurer liquidation actions to be brought in the district court of Lancaster County is part of a comprehensive statutory scheme for collecting the assets and debts of an insurer for distribution to creditors under that court's supervision. "The broad category of laws enacted `for the purpose of regulating the business of insurance' consists of laws that possess the `end, intention, or aim' of adjusting, managing, or controlling the business of insurance." Fabe, 508 U.S. at 505, 113 S.Ct. 2202. In Fabe, the Court held that an insurance liquidation priority statute regulates the "business of insurance," within the meaning of the McCarran-Ferguson Act, to the extent-that the state's statutory provisions have the purpose of protecting policyholders' interests. Id. at 508, 113 S.Ct. 2202. The Court found that to the extent that the statutory purpose was to regulate the rights of policyholders, Ohio law, not the federal bankruptcy code, established the priority of claims against an insolvent insurer in liquidation proceedings under the supervision of an Ohio court. The Court held:
The primary purpose of a statute that distributes the insolvent insurer's assets to policyholders in preference to other creditors is identical to the primary purpose of the insurance company itself: the payment of claims made against policies.... The Ohio statute is enacted "for the purpose of regulating the business of insurance" to the extent that it serves to ensure that, if possible, policyholders ultimately will receive payment on their claims. That the policyholder has become a creditor and the insurer a debtor is not relevant.

Fabe, 508 U.S. at 505-06, 113 S.Ct. 2202.
The Liquidator's suit claims that the defendant is not entitled to retain $475,000 it received from Amwest less than four months before this insurer was ordered liquidated. The Liquidator alleges that this payment is avoidable as a preferential transfer pursuant to Neb.Rev. Stat. § 44^828. Collecting assets for payment of claims against the insurer, including policyholder claims, during insurer insolvency is for the protection of the policyholders and is part of the business of insurance. Munich, 141 F.3d at 593-94. Further, the Liquidator's petition seeks to recover from the defendant the amount of an allegedly invalid and preferential payment on a bond policy issued by Amwest. Statutes aimed at protecting or regulating the performance of an insurance contract are enacted for the purpose of regulating the business of insurance. Fabe, 508 U.S. at 505, 113 S.Ct. 2202.
The liquidation of Amwest was ordered by the Lancaster district court. The stated purpose for requiring suits to be brought in this court is to "protect the interests of insureds, claimants, creditors, and the public" through "[e]nhanced efficiency and economy of liquidation," "clarification of the law," and "minimiz[ing] legal uncertainty and litigation." Neb.Rev.Stat. § 44^801(3) and (7). Affording the state court ultimate control over all issues relating to collection and distribution of the insolvent insurance company's assets protects policyholders.
While the Nebraska legislation does not specifically state that the Lancaster County district court shall have "exclusive" jurisdiction over insurer liquidation proceedings, the clear import and purpose of the *1045 statutes was to consolidate all insolvency proceedings in one court only, and specifically vest the Lancaster County district court with that exclusive jurisdiction. This statutory designation of forum promotes the orderly adjudication of claims; prevents the unnecessary and wasteful dissipation of the insolvent company's funds that would occur if the liquidator had to defend unconnected suits in different forums; and eliminates the risk of conflicting rulings, piecemeal litigation of claims, and unequal treatment of claimants, all of which are of significant interest to insurance companies and policyholders. Munich, 141 F.3d at 593; Davister Corp. v. United Republic Life Ins. Co., 152 F.3d 1277 (10th Cir.1998); In Re Advanced Cellular Systems, 235 B.R. 713 (Bkrtcy.D.Puerto Rico 1999)(holding, under McCarran-Ferguson, that once insurer has been declared insolvent and placed into state delinquency proceedings, actions against liquidator are committed to the exclusive jurisdiction of designated forum of Puerto Rico's courts and bankruptcy court lacked subject matter jurisdiction over matter). Requiring all claims related to preserving the policyholders' rights to be brought in one forum allows the Liquidator, under the supervision of the Lancaster County district court, to conserve resources in the process of marshalling the remaining assets of the insurer, thereby maximizing the benefits available to the company's policyholders. See, U.S. Financial Corp. v. Warfield, 839 F.Supp. 684 (D.Ariz.1993)(refusing, on the basis of McCarran-Ferguson Act, to exercise federal supplemental jurisdiction over refused tender of payment to insurer subject to state court liquidation proceedings).
Claims sought by the Liquidator for return of preferential payments are statutorily authorized "[proceedings in cases of insurer insolvency and delinquency [that] are deemed an integral aspect of the business of insurance and are of vital public interest and concern." Neb. Rev.Stat. § 44-4801(7). Nebraska's statute designating the state forum for adjudication of these claims regulates the business of insurance and, under the McCarran-Ferguson Act, cannot lawfully be "invalidated, impairfed], or supercede[d]" by permitting additional litigation in the federal court on the basis of diversity. To permit removal of such claims would undermine the purpose of Nebraska's statutory method for regulating and supervising, in one forum, insurance company insolvency proceedings. The combined effect of Nebraska's legislation designating the forum which "shall have summary jurisdiction," (id. at § 4828(7)), over preferential transfer claims, and federal law which prohibits enforcement of any federal statute which would impair, invalidate, or supercede that jurisdictional designation, is that the exclusive jurisdiction over this action lies in the district court of Lancaster County. I therefore conclude that the McCarran-Ferguson Act requires remand of this case to the Lancaster County district court.
I further conclude that the Lancaster County district court, having jurisdiction over the res of the Amwest liquidation proceedings, has jurisdiction over this action to avoid a preferential transfer brought pursuant to Nebraska's statutory liquidation procedures. By statute:
An order to liquidate the business of a domestic insurer shall appoint the director and his or her successors in office liquidator and shall direct the liquidator forthwith to take possession of the assets of the insurer and to administer them under the general supervision of the court. The liquidator shall be vested by operation of law with the title to all of the property, contracts, and rights of action and all of the books and records *1046 of the insurer ordered liquidated, wherever located, as of the entry of the final order of liquidation.
Neb.Rev.Stat. § 44-4818(1). Nebraska legislation provides for formation of a judicial receivorship wherein the department of insurance, as court-appointed Liquidator, "becomes for the purpose of the liquidation in a particular case an arm of the court," ... [and the] "property and assets of an insurance company in the process of liquidation, like a bank, are trust funds for the payment of debts." State ex rel. Good v. National Old Line Life Ins. Co., 129 Neb. 473, 261 N.W. 902, 904 (1935)(interpreting Neb.Rev.Stat. § 44-204 (1929) which, for all relevant purposes is nearly identical to the current Nebraska statute[2]. See, also, Motlow, 95 F.2d at 724 (holding that New York superintendent of insurance became in effect a receiver of insolvent insurance company under the supervision of the state court). Under such circumstances, the Liquidator took possession of Amwest's assets, including rights of action for return of preferential transfers, "under the direction of the court ... [and] at all times subject to the court's control." U.S. v. Bank of New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 80 L.Ed. 331 (1936).
Under such circumstances, the Nebraska court obtained jurisdiction over the res of Amwest, including any action by the Liquidator to recoup money paid in a preferential transfer to the defendant.
[T]he state court alone had jurisdiction of the parties and of the subject-matter, at the time when the proceeding before it was begun, at the time its decree directing the department to take possession was entered, and at the time possession was taken thereunder. Moreover, the proceeding in the state court was confessedly an appropriate one, the possession taken was actual, and it has been continuous. All this occurred before any suit was begun in any federal court. [Removal of this case to federal court did not occur] until three months after entry of the decree of the state court directing the department (which had possession of the res) to proceed with the liquidation. The case is thus free of those features which sometimes create difficulty in determining conflicts between courts of concurrent jurisdiction.

Where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts.... Possession of the res disables other courts of co-ordinate jurisdiction from exercising any power over it. Lion Bonding & Sur. Co. v. Karatz, 262 U.S. 77, 88, 43 S.Ct. 480, 67 L.Ed. 871 (1923)(emphasis added)(interpreting Nebraska liquidation proceedings under the substantially similar language of Neb. Rev. Stat. § 7748(3)(1922)(see footnote 2)).
"[T]he court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 818, 96 *1047 S.Ct. 1236, 47 L.Ed.2d 483 (1976)(citing, Donovan v. City of Dallas, 377 U.S. 408, 412, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964)); Princess Lida v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939); United States v. Bank of New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 80 L.Ed. 331 (1936). This principle applies "not only to cases where property has been actually seized under judicial process... [but also to suits] brought to marshall assets, administer trusts, or liquidate estates, and in suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property." Bank of New York, 296 U.S. at 477, 56 S.Ct. 343. In Bank of New York, the United States brought a claim in federal court to assert the right to recover funds which had been assigned to the United States by insurance companies being liquidated in New York state court proceedings. The New York state court had appointed the state's department of insurance to take possession of the assets and distribute the assets under the supervision of that court. The Court held that "[c]ontrol of the [insolvent insurer's] funds was essential to the exercise of the [state] court's jurisdiction to protect the rights of claimants." Id.
[N]to only had the state court first acquired jurisdiction, but there are numerous persons whose claims in relation to these funds are in course of adjudication. Whether or not their claims are valid against the claim of ownership by the United States they are entitled to be heard and they are indispensable parties to any proceeding for the disposition of the property involved. They have not been made parties to the present suits, and this fact in itself would be a sufficient reason for the District Court to refuse to proceed in their absence. Only the stakeholders are defendants. The adverse claimants are parties to the respective proceedings in the state court and from every point of view the principles governing the convenient and orderly administration of justice require that the jurisdiction of the state court should be respected.

Bank of New York, 296 U.S. at 480, 56

S.Ct. 343.
The Liquidator's action to recover an alleged preferential transfer from Amwest to the defendant is not a "run-of-the-mill" contract claim, (see Quackenbush, 517 U.S. at 729, 116 S.Ct. 1712), but an action that exists solely on the basis of Nebraska's statutory scheme to establish and preserve the res of Amwest for distribution in liquidation proceedings. That res is, by operation of Nebraska statutory law, under the jurisdiction of Lancaster County district court, the first forum to assume jurisdiction over the property at issue in this lawsuit and which "may exercise that jurisdiction to the exclusion of other courts." Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The rights of all adverse claimants asserting an interest in the assets of Amwest, including the alleged preferential transfer to the defendant, can adjudicate their interests in the Lancaster County district court liquidation proceedings. Therefore, "[t]he principles governing the convenient and orderly administration of justice require that the jurisdiction of the [Lancaster County district court] should be respected," (Bank of New York, 296 U.S. at 480, 56 S.Ct. 343), and this case must be remanded to that court for disposition.
I further conclude that even assuming the federal court has jurisdiction over this case, the federal court must abstain from litigating this preference claim. As a general rule, abstention is appropriate "where a state creates a complex regulatory scheme, supervised by the state courts and central to state interests... if federal jurisdiction deals primarily *1048 marily with state law issues ... [or if federal jurisdiction] will disrupt a state's efforts `to establish a coherent policy with respect to a matter of substantial public concern.'"
Melahn v. Pennock Ins., Inc., 965 F.2d 1497, 1503 (8th Cir.1992)(quoting Lac D'Amiante du Quebec, Ltee v. American Home Assur. Co., 864 F.2d 1033, 1043 (3d Cir.1988))(quoting Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 814, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).
In the insurance context, the following factors should be evaluated to determine if Burford and Colorado River abstention is appropriate.
(1) Whether "[l]ike the state court proceeding at issue in Colorado River, the state court conducting [Amwest's liquidation] proceeding has jurisdiction over property, [Amwest's] inadequate pool of assets;"
(2) Whether "[e]xercise of the federal court's concurrent jurisdiction in this case will compromise the State's interest in [Amwest's] successful [liquidation];"
(3) Whether the case will require resolving a federal statutory claim;
(4) Whether the case has progressed in the federal forum to the point that "dismissal would itself constitute a waste of judicial resources and an invitation to duplicative effort;"
(5) The "strong federal policy of deferring to state regulation of the insurance industry, as reflected in the McCarran-Ferguson Act, 15 U.S.C. § 1012."

Wolfson, 51 F.3d at 146-47.
Wolfson held that a federal court should abstain from deciding the merits of an ERISA claim against an insurer where the insurance company was already undergoing rehabilitation proceedings in state court. "[I]mportant state policies are furthered if litigation involving an insolvent insurer is consolidated in the state forum where the insurer's insolvency proceeding is being conducted." Wolfson, 51 F.3d at 144." `[Considerations of wise judicial administration, conservation of judicial resources and comprehensive disposition of litigation,'" favor abstaining when state court insolvency proceedings provide a mandatory special procedure to adjudicate claims against the insolvent and to distribute the insolvent's inadequate assets. Id. at 145(citing Colorado River, 424 U.S. at 817, 96 S.Ct. 1236). Where the state has a "complex statutory regime to marshal the assets of insolvent insurers for the protection of policyholders and the insuring public," (id. at 146), federal courts should defer to these state court proceedings. Piecemeal litigation in multiple forums, including the federal courts, serves to further deplete the insurer's estate and deters the efficient adjudication and satisfaction of claims against an insolvent insurer. Id. Given these considerations, the fact that the federal case was at an early stage and dismissal would not waste judicial resources, and the strong federal policy set forth in the McCarran-Ferguson Act of deferring insurance regulation matters to the states, Wolfson held that abstention was appropriate.
Abstention is likewise required in this action. The Lancaster County district court, prior to the filing of the Liquidator's petition against this defendant, had already ordered the liquidation of Amwest. The Liquidator's claim to avoid an alleged preferential transfer from Amwest to the defendant herein is not governed by federal law and was, before removal to this court, pending in Lancaster County district court. After removal to federal court, the matter has been stayed pending resolution of the Liquidator's motion for remand, (filing 12), and resources have not been invested in this forum that will be lost if this court abstains from exercising jurisdiction. The McCarran-Ferguson Act evinces the clear policy that regulating the *1049 business of insurance should be left to the states. To that end, Nebraska has adopted a complex statutory scheme which designates the Lancaster County district court as the forum where liquidation proceedings must be brought, Neb.Rev.Stat. § 44-4804, and as the forum with summary jurisdiction over their resolution. Id. at § 44-4828(7). In deference to the state court's jurisdiction over Amwest's liquidation, its ability to resolve the pending preferential transfer claim, and Nebraska's goal of consolidating such actions to conserve Amwest's resources for payment to policyholders, this court must abstain from determining the Liquidator's preferential transfer claim against the defendant.
An action to avoid a preferential transfer and recover damages is an action at law. Granfinanciera, S.A v. Nordberg, 492 U.S. 33, 43, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Therefore, while federal court abstention is appropriate, this case cannot be remanded on the basis of Burford abstention. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)(rejecting Wolf son's holding that an action for damages may be remanded on the basis of Burford abstention). Remand to the state court is required, however, where exclusive jurisdiction over the subject matter lies in the state court. Whether on the basis of reverse-preemption under the McCarran-Ferguson Act, or because the Lancaster County district court has already assumed jurisdiction over the res of the litigation "to the exclusion of other courts," Lion Bonding &.Sur. Co. v. Karatz, 262 U.S. 77, 88, 43 S.Ct. 480, 67 L.Ed. 871 (1923), this case must be remanded to the Lancaster County district court for resolution.
IT THEREFORE HEREBY IS ODERED:
1. Plaintiffs Motion to Remand, filing 10, is granted, and, once this order becomes final, the clerk shall return the file to the Clerk of the District Court of Lancaster County.
2. This order is stayed for a period of ten days in order to allow time for an appeal to the district judge. Oct. 11, 2002.
NOTES
[1] To the extent the appropriate standard of review is de novo, I have conducted a de novo review.
[1] See In re Amwest Surety Insurance Company, Case No. CI01-2102, the Honorable John A. Colburn, Lancaster County District Court Judge presiding.
[2] Neb.Rev.Stat. § 44-204(3)(1929), and its predecessors, Neb.Rev.Stat. § 7748(3)(1922) and Neb.Rev.Stat. § 3147(3)(1913), provided: If, on a like application and order to show cause, and after a full hearing, the court shall order the liquidation of the business of such company, such liquidation shall be made by and under the direction of the department, ... which may deal with the property, records, effects and business of such company in the name of the department..., or in the name of the company, as the court may direct and it shall be vested by operation of law with title to all the property effects, contracts and rights of action of such company as of the date of the order so directing it to liquidate.